WARD v. EMPLOYER'S FIRE INSURANCE COMPANY.

WITNESSES—EXPERT WITNESS—OPINION TESTIMONY—APPEAL AND
ERROR—OBJECTION—PRESERVING QUESTION.
    Plaintiff's objections to testimony by witness called as an expert
    by defendant in an action to recover on an insurance policy
    on the ground that the witness was not sufficiently qualified
    will not be considered by the Court of Appeals where plain-
    tiff failed to object to the testimony at trial.

Appeal from Kent, Letts (John T.), J.  Submitted
Division 3 October 9, 1968, at Grand Rapids.  (Dock-
et No. 3,805.)   Decided October 22, 1968.  Leave to
appeal denied January 15, 1969.  See 381 Mich 796.

Complaint by Paul A. Ward and Constance C.
Ward against Employer's Fire Insurance Company,
a foreign corporation, to recover on a policy of insur-
ance.  Verdict and judgment for defendant.  Plain-
tiff appeals.  Affirmed.

*Himelstein & Ward* (*James D. Lovewell*, of coun-
sel), for plaintiff.

*Cholette, Perkins & Buchanan* (*Sherman H. Cone*,
of counsel), for defendant.

PER CURIAM.  This is an appeal from a jury ver-
dict of no cause of action in a suit brought by plain-
tiffs under a home owner's policy insuring a steam

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 545 *et seq.*

boiler heating system against loss due to "sudden and accidental tearing asunder, cracking, burning, or bulging of a heating or hot water heating system."

Plaintiffs object primarily to the opinion testimony of defendant's expert witness that the damage to plaintiffs' boiler was not sudden or accidental but "was caused by erosion or corrosion over a gradual period of time" and further, that initial leakage of the boiler would dissipate and escape as steam through the exhaust stack rendering it difficult to detect. This testimony was not objected to by plaintiffs at the time of trial and the Court finds no merit in plaintiffs' claim on appeal that defendant's expert was not properly qualified.

As to plaintiffs' other claims of error raised on appeal relative to admissibility of a photograph of the damaged boiler, improper instructions of the court to the jury and admonishment of plaintiffs' counsel, review by this Court discloses no prejudicial error on the part of the trial court.

Affirmed. Costs to appellee.

LESINSKI, C. J., and FITZGERALD and TEMPLIN, JJ., concurred.